**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Marleena Starr,** | ) | **CASE NO. 1: 20 CV 596** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## Background

*Pro se* plaintiff Marleena Starr has filed a civil rights complaint against the State of Ohio and Cuyahoga Services Corporation. (Doc. No. 1.)

Although her complaint appears to relate to a matter in the Juvenile Division of the Cuyahoga County Court of Common Pleas, the complaint does not set forth comprehensible allegations or cogent legal claims against the defendants. The complaint states it asserts federal civil rights claims against the defendants for "damages under 14th amendment . . . with other stated rights, 1st, 4th, 5th, 8th, and 7th," but it sets forth no factual allegations supporting such claims. Instead, the complaint, including an "Affidavit of Facts" (Doc. No. 1-4) submitted with it, consist entirely of unclear and conclusory legal statements and references. Without explanation, the complaint states: "the Ohio Constitution Prohibited The General Assembly

from creating any Law-or enforcing Law under Divorce nor Exercise any Judicial Power 21st Bill of Right"; "Forced Health Care"; and "No Law on Divorce or Contracts Title (31) XXXI." (Doc. No. 1 at 1.) In addition, the complaint refers to various provisions of the Ohio Revised Code pertaining to state domestic relations matters. It also states the plaintiff seeks a "cease and desist order and [that her] blood child . . . be released from false imprisonment." (*Id* at 2.)

With her complaint, the plaintiff has filed motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the reasons stated below, however, her complaint is dismissed.

**Standard of Review**

Although *pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471.

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be summarily dismissed. The vague, conclusory, and incoherent assertions and statements in the plaintiff's pleading fail to meet basic pleading requirements and do not reasonably suggest she has any plausible federal civil rights claim against the defendants upon which she may be granted relief. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, this Court lacks jurisdiction over the plaintiff's action to the extent she may be seeking to sue in federal court to modify or interpret an existing state divorce or child-custody order. *See Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (the domestic relations exception precludes federal courts from hearing cases that involve the issuance of a divorce, alimony, or child custody decree where the plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree).

**Conclusion**

For the foregoing reasons, the plaintiff's complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
      PATRICIA A. GAUGHAN  
      United States District Court  
Dated: 6/18/20      Chief Judge